UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Michael Sevier and Linda Sevier, Debtors,<br><br>Michael Sevier and Linda Sevier,<br>　　　　　　　　　　　　　　Plaintiff,<br>v.<br><br>Wilmington Savings Fund Society FSB, d/b/a, Christiana Trust, not individually but as trustee for the Pretium Mortgage Acquisition Trust; Seterus Finance; Selene Finance, LP; Les Zieve, Esq.; and Zieve, Brodnax & Steele, LLP,<br>　　　　　　　　　　　　　　Defendant. | Case No.: 18cv2435-CAB-JMA<br><br>**ORDER GRANTING MOTION TO WITHDRAW REFERENCE OF ADVERSARY CASE NO. 18-90052** |

On October 23, 2018, Defendants Wilmington Savings Fund Society FSB, d/b/a, Christiana Trust, not individually but as trustee for the Pretium Mortgage Acquisition Trust; Seterus Finance; Selene Finance, LP; Les Zieve, Esq.; and Zieve, Brodnax & Steele, LLP ("Defendants"), filed a motion to withdraw reference of Adversary Case No. 18-90052, filed in the Bankruptcy Court for the Southern District of California ("BK Court"), to the District Court for the Southern District of California ("District Court"),

1

pursuant to 28 U.S.C. §157(d). [Doc. No. 1.] On November 6, 2018, Debtors/Plaintiffs Michael Sevier and Linda Sevier ("Debtors/Plaintiffs") filed a document entitled "Motion to Dismiss Not a Plaintiff in this Case," which the Court deems to be their opposition to the motion to withdraw reference. [Doc. No. 3.][1] For the reasons set forth below, the motion to withdraw reference is **GRANTED**.

DISCUSSION

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. 28 U.S.C. § 157(d). A motion to withdraw the reference "shall be heard by a district judge." Fed. R. Bankr.P. 5011(a); *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 784–85 (9th Cir.2007) (" '[t]he withdrawal decision is committed exclusively to the district court' "). Among the proper considerations on whether to withdraw the reference, are the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other similar issues. *Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1008 (9th Cir.1997).

Here, all of Debtors'/Plaintiffs' claims in Adversary Case No. 18-90052 are based on federal and state criminal statutes, are not dependent on bankruptcy law, and are non-core. Moreover, Debtors/Plaintiffs have already asserted what appear to be essentially the same claims against Defendants in an earlier action before this Court. *Compare* BK Court Case No. 18-90052-LA, Doc. No. 1, *with* District Court Case No. 17cv2554, Doc. No. 1.] Accordingly, judicial efficiency and avoidance of forum shopping are also

---

[1] In their opposition, Debtors/Plaintiffs state that they are not the plaintiffs in this case. [Doc. No. 3.] However, Michael and Linda Sevier are the plaintiffs in Adversary Case No. 18-90052, which is the adversary proceeding Defendants seek to withdraw from the bankruptcy proceedings. Therefore, referring to Michael and Linda Sevier as the plaintiffs in this case is appropriate.

promoted by withdrawal. Finally, Plaintiffs will not be prejudiced as no substantive rulings have been made by the Bankruptcy Court. *See generally*, Docket, BK Court, Case No. 18-90052-LA.

## CONCLUSION

For the reasons set forth above, the motion to withdraw reference is **GRANTED**.

Dated: January 10, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge