UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Michael Sevier and Linda Sevier, Debtors,<br><br>Michael Sevier and Linda Sevier,<br>　　　　　　　　　　　　　Plaintiffs,<br>v.<br>Wilmington Savings Fund Society FSB, d/b/a, Christiana Trust, not individually but as trustee for the Pretium Mortgage Acquisition Trust; Seterus Finance; Selene Finance, LP; Les Zieve, Esq.; and Zieve, Brodnax & Steele, LLP,<br>　　　　　　　　　　　　　Defendants. | Case No.: 18cv2435-CAB-JMA<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 8] |

　　　This matter is before the Court on a motion to dismiss filed by Defendant Seterus, Inc. (erroneously sued as Seterus Finance). The motion was filed on January 23, 2019 and set a hearing date (for briefing purposes only) of February 27, 2019. Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of February 27, 2019, Plaintiffs' opposition to the motion to dismiss was

1

due on February 13, 2019.  No opposition has been filed.  Under the local rules, Plaintiffs' failure to oppose "may constitute a consent to the granting of [the] motion." Civ. Local R. 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion).  Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, while the *Ghazali* factors support granting the motion based on the lack of opposition alone, upon review of the motion and of the adversary complaint and "supplemental" complaint, the Court finds that Plaintiffs fail to state a claim against Seterus and that no argument in opposition could possibly persuade the Court otherwise. Accordingly, the motion to dismiss is **GRANTED** on its merits for the reasons set forth in the motion, and the complaint is **DISMISSED** as to Defendant Seterus.

It is **SO ORDERED**.

Dated:  February 27, 2019

Hon. Cathy Ann Bencivengo
United States District Judge

2

18cv2435-CAB-JMA