# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Michael Sevier and Linda Sevier, Debtors, <br><br> Michael Sevier and Linda Sevier, <br><br> Plaintiffs, <br><br> v. <br><br> Wilmington Savings Fund Society FSB, d/b/a, Christiana Trust, not individually but as trustee for the Pretium Mortgage Acquisition Trust; Seterus Finance; Selene Finance, LP; Les Zieve, Esq.; and Zieve, Brodnax & Steele, LLP, <br><br> Defendants. | Case No.: 18cv2435-CAB-JMA <br><br> **ORDER GRANTING UNOPPOSED MOTION TO DISMISS** <br><br> [Doc. No. 10] |

On February 27, 2019, the Court granted an unopposed motion to dismiss filed by Defendant Seterus Finance. [Doc. No. 9.] The remaining defendants now move for dismissal of Plaintiffs' claims against them. The motion was filed on April 1, 2019 and set a hearing date (for briefing purposes only) of May 7, 2019. Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of May 7, 2019, Plaintiffs' opposition to the motion to dismiss was due on April 22, 2019. No opposition has been filed. Under the local rules, Plaintiffs' failure to oppose "may constitute a consent to the granting of [the] motion." Civ. Local R. 7.1.f.3.c.

1

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the *Ghazali* factors support granting the motion based on the lack of opposition because Plaintiffs' failure to file anything with the Court since November 6, 2018, including failing to oppose both motions to dismiss, indicates that Plaintiffs have abandoned this lawsuit and actually consent to the granting of the motion to dismiss. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants by further delays in this litigation, and the lack of appropriate less drastic sanctions all support dismissal. Moreover, upon review of the motion and of the record, the Court finds that Plaintiffs fail to state a claim against the remaining Defendants and that no argument in opposition could possibly persuade the Court otherwise. Accordingly, the motion to dismiss is **GRANTED** both for lack of opposition and on its merits for the reasons set forth in the motion, and the complaint is **DISMISSED**. The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated: April 25, 2019

Hon. Cathy Ann Bencivengo
United States District Judge

2

18cv2435-CAB-JMA